IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS LLC,<br><br>         Plaintiff,<br><br> v.<br><br>TRAEGER PELLET GRILLS LLC,<br><br>         Defendant. | Case No. 16-cv-5323<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Weber-Stephen Products LLC complains of Defendant Traeger Pellet Grills LLC as follows:

### NATURE OF CASE

1. This Complaint includes a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Complaint also includes a claim for unfair competition, false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### PARTIES

2. Weber-Stephen Products LLC ("Weber") is a Delaware limited liability company having its principal place of business at 1415 South Roselle Road, Palatine, Illinois 60067.

3. Weber is a leading worldwide designer, developer, manufacturer and provider of outdoor gas, charcoal and electric grills and grilling accessories sold under the Weber® brand name. Weber's founder, George Stephen, began making and selling grills under the Weber® name in the 1950s. Since that time, Weber has developed and introduced numerous revolutionary and iconic products, such as the Genesis® grills. Today, the Weber® brand has become one of America's most recognized and trusted brands in outdoor grills. As a result of its innovative

research and development efforts in the field of outdoor grills, Weber holds numerous design and utility patents.

4. Weber owns and has standing to sue for infringement of United States Design Patent No. D564,834 S, entitled "Shroud for a Barbecue Grill," which issued on March 25, 2008 ("the '834 Patent").

5. Traeger Pellet Grills LLC ("Traeger") is a Delaware limited liability company having its principal place of business at 1215 Wilmington Avenue, Suite 200, Salt Lake City, Utah 84106.

6. Among other things, Traeger sells outdoor grills and accessories under the Traeger® brand name.

7. Traeger offers to sell and sells a line of products called the Select Pro and Select Elite grills. Traeger offers to sell and sells the Select Pro – Black Grill, Model BBQ400.01; the Select Pro – Bronze Grill, Model BBQ400.02; the Select Pro – Blue Grill, Model BBQ400.03; the Select Elite Grill, Model TFS60LZAC, and all other Traeger grills with different model names or numbers but with the same or substantially the same designs and/or appearance (collectively, the "Accused Grills").

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

9. The Court has personal jurisdiction over Traeger because, among other things, it transacts business in this district at least by offering to sell, selling and/or advertising the Accused Grills in such a way as to purposefully reach out to customers in Illinois and this judicial district through retail stores located in this district, as well as through its website, thus specifically

committing acts of infringement in this judicial district. Per Traeger's website, www.traegergrills.com, Traeger's dealers in this district include at least Gordon's Ace Hardware, Wannemaker's Home & Garden Center, and Bass Pro Shops. Traeger has purposefully availed itself of the privilege of conducting business with residents of this judicial district and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought into court in Illinois.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

**COUNT I – INFRINGEMENT OF U.S. DESIGN PATENT NO. D564,834 S**

11. Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

12. The '834 Patent claims an "ornamental design for a shroud for a barbeque grill."

13. The Accused Grills have a shroud or lid.

14. Figure 1 of the '834 Patent is shown on the left below, and the shroud or lid of one of the Accused Grills is shown on the right below, as depicted on Traeger's website, www.traegergrills.com. See *http://www.traegergrills.com/shop/grills/elite-series/select/TFS60LZAC.html#start=16*, and related URLs.


**Figure 1 of '834 Patent**


**Traeger Select Elite Grills**

3

15. The Accused Grills' shroud or lid design has appropriated the ornamental design for a shroud for a barbeque grill as shown and described in the '834 Patent. The '834 Patent design is non-functional.

16. In the eye of the ordinary observer, giving such attention as a purchaser usually gives, the ornamental design for a shroud for a barbeque grill claimed in the '834 Patent and the Accused Grills' shroud or lid design are substantially the same; the resemblance is such as to deceive an ordinary observer, inducing him or her to purchase one supposing it to be the other.

17. Traeger has infringed and continues to infringe the ornamental design for a shroud for a barbeque grill claimed in the '834 Patent within the meaning of 35 U.S.C. § 271(a) through the foregoing activities including, without limitation, selling and offering to sell the Accused Grills in the United States, and other grills with different model names or numbers but with the same or substantially the same shroud or lid designs as the Accused Grills.

18. Traeger has also indirectly infringed and continues to indirectly infringe the ornamental design for a shroud for a barbeque grill claimed in the '834 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement through the foregoing activities including, without limitation, selling and offering to sell the Accused Grills in the United States, and by instructing, aiding, assisting and encouraging the offer for sale, sale and use of the Accused Grills in a manner that infringes the '834 Patent. The direct infringers that are being induced by Traeger include, without limitation, its retail customers, resellers and end-users that offer for sale, sell or use the Accused Grills in the United States.

19. Weber has complied with the notice provisions of 35 U.S.C. § 287.

20. Traeger has been aware of the '834 Patent and its infringement thereof, yet has continued its unlicensed and unauthorized infringement with no regard to the '834 Patent or

4

Weber's rights. This infringement continues today despite an objectively high likelihood that Traeger's actions constitute infringement of the '834 Patent. This objectively high likelihood of infringement was either known or so obvious that it should have been known to Traeger. To date, Traeger has not presented any reasonable defense of non-infringement, invalidity or unenforceability. Traeger's infringement of and/or inducement to infringe the '834 Patent has been knowing, intentional, wanton, willful, and objectively reckless, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

21. Traeger's infringement and/or knowing and intentional inducement to infringe has injured Weber and Weber is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as damages for design patent infringement as permitted under 35 U.S.C. § 289.

22. Traeger's infringing activities have caused substantial and irreparable harm to Weber, which has no adequate remedy at law, and will continue to injure Weber, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, offer for sale and/or importation of products that come within the scope of the design claimed in the '834 Patent, and enjoining Traeger from inducing infringement of the design claimed in the '834 Patent.

**COUNT II - FEDERAL TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

23. Weber repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

24. This Court has jurisdiction over the subject matter of this claim for trade dress infringement, unfair competition and false designation of origin arising under Section 43(a) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

25. Traeger is fully aware of the popularity of the Weber Genesis® gas grills and the clear association of the Genesis® grill design with that line of products. The Weber Genesis® grill design obtained secondary meaning well prior to Traeger's introduction of the Accused Grills. Traeger intentionally copied and offered in interstate commerce grill products that create the same overall visual effect and appearance as the family of grills in Weber's Genesis® line. Traeger's Accused Grills were designed to have the same distinctive overall appearance and look as the Weber Genesis® products and are confusingly similar in total image, appearance and overall aesthetic look. As a result, the public is, and is likely to be, confused.

26. Traeger has used in commerce, and continues to use in commerce, the Weber Genesis® grill design to unfairly benefit from Weber's success by selling the Accused Grills bearing the same design in this jurisdiction and throughout the United States.

27. Traeger could have selected an alternative aesthetic design and achieved the same functionality as its current Accused Grills.

28. The Weber Genesis® grill design is non-functional.

29. Traeger has used Weber's Genesis® grill design on its Accused Grills with the express intent to pass off Traeger's Accused Grills as those of Weber and to cause confusion and mislead the purchasing or potential purchasing public into believing that Traeger's Accused Grills are authorized, sponsored, affiliated with, or associated with Weber, and to trade upon Weber's reputation for high-quality grill products and to improperly appropriate Weber's valuable trade dress rights.

30. Sales of Traeger's Accused Grills are likely to cause consumer confusion because of the similarity in appearance and look between Traeger's and Weber's products. Consumers will believe that the Accused Grills are manufactured, licensed, affiliated with or sponsored by Weber

or are being placed on the market with Weber's consent and/or actual or implied authority. As a result, Weber has been and will continue to be irreparably injured by Traeger's improper acts.

31. Traeger has willfully, deliberately, and with predatory intent, created such confusion by copying and reproducing the distinctive and unique design and overall product appearance of Weber's Genesis® grills; and has advertised and sold, and threatens to advertise and sell, its products so as to cause public confusion and deception for a substantial portion of the people who perceive the advertisements, which confusion and deception is likely to influence purchase decisions. Further, Traeger's sales and offers for sale of its Accused Grills have caused and threaten to cause Weber the loss of its valuable goodwill and reputation for making and selling distinctive, unique and high-quality grill products under the Genesis® design.

32. Traeger's aforesaid acts constitute unfair competition and the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Traeger's Accused Grills as those of Weber in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Weber has expended considerable time, effort and resources to design, develop and protect the unique and distinctive appearance of its Genesis® grill products including, without limitation, its distinctive features, such as having exposed rivets/fasteners on the metal bands bordering the edges of the grill shroud, which has been used by Weber in the marketplace since 2007, exclusively. The Genesis® grill design has been featured prominently in Weber's in-store, on-site and other advertisements and promotions for its gas grill product line. This unique trade dress has become associated with the success of Weber's Genesis® grill products and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public.

34. Traeger's selection and use of substantially similar looks and appearances for its Accused Grills is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of Traeger's Accused Grills. Because of the substantially similar look of Traeger's Accused Grills to Weber's non-functional trade dress associated with Weber's Genesis® grill products, the public is likely to believe that Traeger's Accused Grills are in some way affiliated or associated with, or sponsored by, Weber.

35. Traeger's actions have been and are knowing, intentional, wanton, willful, and objectively reckless, entitling Weber to increased damages, statutory damages, prejudgment interest, attorney fees, and costs.

36. Traeger's wrongful acts will continue unless enjoined by this Court.

37. Weber has no adequate remedy at law and has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Traeger's infringement of Weber's Genesis® grill trade dress, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Weber respectfully asks this Court to enter judgment against Traeger, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with them, granting the following relief:

### Count I – Patent Infringement Claim

A. That judgment be entered in favor of Weber and against Traeger on Weber's claim for patent infringement made in the Complaint;

B. An award of damages adequate to compensate Weber for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.  Additional damages for design patent infringement as permitted under 35 U.S.C. § 289;

D.  Increased damages as permitted under 35 U.S.C. § 284;

E.  A finding that this case is exceptional and an award to Weber of its reasonable attorney fees and costs as provided by 35 U.S.C. § 285;

F.  A permanent injunction prohibiting further infringement of and/or inducement to infringe the '834 Patent.

G.  Such other relief to which Weber is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

### Count II – Lanham Act Claim

H.  That judgment be entered in favor of Weber and against Traeger on Weber's claim for trade dress infringement, unfair competition and false designation of origin made in the Complaint;

I.  That the Court order that Traeger be immediately and permanently enjoined from:

(1) using the Weber Genesis® trade dress rights or designs confusingly similar thereto;

(2) advertising (over the Internet, through catalogs, or otherwise), selling, importing, exporting, using, accepting orders for or offering to sell products in conjunction with, or under, the Genesis® grill design and appearance, including but not limited to the Accused Grills;

(3) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, potential purchasers, Traeger's customers, and/or members of the public to believe that, the actions of

        Traeger, the products sold by Traeger, or Traeger itself are connected with Weber, are sponsored, approved, or licensed by Weber, or are in some way connected or affiliated with Weber;

    (4)    otherwise competing unfairly with Weber in any manner;

J. That Weber be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Traeger's unlawful acts, including Weber's loss of goodwill, loss of past and/or future sales, and damages caused by Traeger's acts of trade dress infringement and unfair competition. That Weber be awarded increased damages based upon the intentional and willful nature of Traeger's conduct of the kind complained of herein. That Weber be awarded all gains, profits and advantages received by Traeger from the sale of the Accused Grills and any other products that infringe upon Weber's trade dress rights;

K. That Weber be awarded all additional remedies provided for in 15 U.S.C. § 1117;

L. That Traeger be ordered to (a) send to its customers and the general public corrective statements approved by Weber, correcting all false statements made and all misrepresentations made concerning the Weber Genesis® design; (b) disclaim any association between Traeger and Weber and/or Weber's products; and, (c) recall and make reasonable efforts to obtain the return of any confusingly similar products from its customers; and

M. That the Court provide Weber with such other and further relief as it deems just and proper, or that Weber may be entitled to under the law, including but not limited to attorney fees, costs and interest.

## JURY DEMAND

Weber demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
Matthew G. McAndrews
Kyle D. Wallenberg
Anisha A. Mehta
NIRO McANDREWS, LLC
200 W. Madison St., Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com
amehta@niro-mcandrews.com

*Attorneys for Plaintiff Weber-Stephen Products LLC*